1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE GONZALO P. CURIEL)

| UNITED STATES OF AMERICA, | CASE NO. **21CR2546-GPC** |
|---|---|
| Plaintiff, | |
| v. | **ORDER APPOINTING JOHN C. ELLIS, JR. AS COORDINATING DISCOVERY ATTORNEY** |
| SALMA GABRIELA ALBA (13), CESAR ENRIQUE CANTU (18), JOSE G. QUINTANA-ARENAS (23), RAMIRO XAVIER GAXIOLA-GARCIA (31), | |
| Defendants. | |

Good cause having been shown and for reasons set forth in the motion of defense counsel Ryan Stitt, the Court GRANTS defense counsel's motion to appoint a Coordinating Discovery Attorney ("CDA") in this case. (Doc. No. 1195.) Accordingly, the Court appoints attorney John C. Ellis, Jr., California State Bar No. 228083, as the CDA in this case for the sole purpose of coordinating discovery. *See United States v. Flores*, No. CR 12-00119, 2014 WL 1308608, at *1 (N.D. Cal. Mar. 28, 2014) ("A Coordinating Discovery Attorney, appointed by the Court, has assisted defense counsel in electronically organizing the documents received and maintaining a database which will allow for use of the materials at trial."); *see also United States v. Galloway*, No. 1:17-CR-01235, 2018 WL 2994409, at *4 n.2

1

(D.N.M. June 14, 2018) ("The Court has appointed a Coordinating Discovery Attorney to assist counsel in organizing the material. The amount of discovery produced was a consideration in taking this step, but the main reason for the appointment was because the electronic nature of discovery production posed problems for defense counsel's ability to access and utilize the material produced.").

The CDA is to oversee any discovery issues that are common to all the defendants in this case. The CDA's responsibilities will include:

(1) Managing and distributing discovery produced by the Government and relevant third-party information common to all defendants;

(2) Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

(3) Acting as a liaison with the prosecutors to ensure the timely and effective exchange of discovery;

(4) Identifying, evaluating, and engaging third-party vendors and other litigation support services;

(5) Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

(6) Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

(7) Providing training and support services to the defense teams as a group and individually.

The CDA is to assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel. Discovery issues specific to any

particular defendant are to be addressed by defense counsel directly with the Government and not through the CDA.

For common discovery that has already been produced by the Government prior to this Order, the Government shall provide a copy to the CDA. Additional common discovery not already produced shall be provided directly to the CDA, who shall duplicate and distribute the discovery to all defense counsel, unless otherwise agreed to by the parties. When the Government elects to produce discovery directly to defense counsel, it shall simultaneously provide a copy to the CDA. The Government shall work with the CDA to provide discovery in a timely manner.

The CDA's duties will not include providing additional representation services, and the CDA therefore will not be establishing an attorney-client relationship with any of the defendants. Accordingly, the appointment of Mr. Ellis as the CDA in this case is with the understanding that he will not provide any representational services for any of the defendants in this case. Furthermore, the Court reserves the right to revoke this appointment or modify existing and set additional guidelines for the CDA should the CDA's actions at any time conflict with the defendants' Sixth Amendment right to effective assistance of counsel and undivided loyalty of their attorney. *See United States v. Elliot*, 463 F.3d 858, 865 (9th Cir. 2006) ("The Sixth Amendment guarantees each criminal defendant the right to assistance of counsel unhindered by a conflict of interests.") (internal citations and quotations marks omitted); *see also United States v. Hernandez*, No. 14 CR 499, 2014 WL 4510266, at *3-6 (S.D.N.Y. Sept. 12, 2014) (discussing the Sixth Amendment implications when appointing a CDA in a criminal case).

The CDA is to petition this Court, ex parte and under seal, for funds for outside services and is to monitor all vendor invoices for these services including confirming the work was as previously agreed. However, his time and the time spent by his staff will be paid by the Administrative Office of the United States

Courts, Defender Services Office. Any petition for outside services is to include a basis for the requested funds and a determination that the costs of the services are reasonable.

The CDA may also provide this Court with ex parte and under seal status reports depicting the status of work and if any third-party services are used, whether those services remain within the budget authorized by the Court.

The Clerk is directed to file this order and send a copy to CJA Supervising Attorney Emily C. Bahr.

**IT IS SO ORDERED.**

Dated: January 9, 2024

Hon. Gonzalo P. Curiel
United States District Judge